355 P.2d 678

**Lester C. GREATHOUSE, Petitioner,**

v.

**Harold A. COX, Warden of the State Penitentiary of the State of New Mexico, Respondent.**

No. 6756.

Supreme Court of New Mexico.

June 15, 1960.

The Court, McGHEE, Chief Justice, and COMPTON and MOISE, Justices, concurring, finds:

1. That the petitioner is being restrained of his liberty by respondent.

2. That said detention is pursuant to and by virtue of a commitment of the Fifth Judicial District Court dated August 17, 1953, in cause No. 5391, on the criminal docket of said court.

3. That petitioner was not convicted at the time charged of offenses in Pontiac, Illinois; Jefferson City, Missouri; Canon City, Colorado, or Montgomery, Alabama.

4. The petitioner was confined at the places stated in finding 3 for the offenses alleged and which were committed in the states of Illinois, Missouri, Colorado and Alabama, respectively, and said offenses if committed in this state would be felonies.

5. That petitioner was in no manner prejudiced by the court's action in having him plead to the charges as filed.

Based upon the foregoing findings the Court concludes:

1. That this Court has jurisdiction of the parties and the subject matter hereof.

2. That the allegation of place of conviction in the various charges complained about was surplusage under Section 42–1603, N.M.S.A.1941 (Sec. 41–16–3, N.M.S.A. 1953) except as to the name of the state where convicted and that petitioner was fully apprised of the offenses which he was alleged to have been previously convicted.

3. That there has been no showing of any violation of Section 41–16–3, N.M.S.A. 1953.

4. That the judgment and sentence imposed is proper under the provisions of Section 41–16–3, and the same has not been fully served.

5. That there has been no sufficient showing made of any errors in the information filed in cause No. 5388 prejudicial to petitioner.

6. That petitioner's constitutional rights have in no way been infringed by his detention and imprisonment.

7. That petitioner is not entitled to be released and discharged from custody.

8. That petitioner is not illegally or unconstitutionally detained and restrained by respondent.

9. That the writ is quashed and the petitioner remanded to custody.

So ordered.